# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VARDEN URFALYAN,<br><br>              Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | Case No.: 2:08-cr-00321-GMN-GWF<br>            2:11-cv-01211-GMN<br><br>**Screening Order Regarding Petitioner's Motion to Vacate, Set Aside or Correct Sentence (28 U.S.C. § 2255)** |

      The Petitioner, Varden Urfalyan, is a federal prisoner currently in the custody of the United States Bureau of Prisons serving a sentence of seventy-two (72) months. The Petitioner was sentenced in this court on July 22, 2010; therefore, the venue is proper. Petitioner's judgment of conviction was filed on July 26, 2010. Accordingly, his 2255 motion is filed within the one year period of limitations. Petitioner did not file a direct appeal and has filed no prior 2255 motions.

      Section 2255 provides post-conviction relief to federal prisoners on four grounds: (1) the sentence imposed violated the Constitution or laws of the United States, (2) the court lacked jurisdiction to impose the sentence, (3) the sentence exceeds the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. *Hitchcock v. United States*, 580 F.2d 964, 965 (9th Cir. 1978). Section 2255 applies to non-jurisdictional claims based on a federal statute or rule only if the claim alleges a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).

      Petitioner raises a claim of Ineffective Assistance of Counsel in violation of his

Sixth Amendment Right to Counsel. This is the most common cognizable claim in a Section 2255 motion. *See Baumann v. United States,* 692 F.2d 565, 581 (9th Cir. 1982). Petitioner specifically claims that his trial counsel failed to raise issues regarding sentencing entrapment /sentencing factor manipulation thus depriving him of effective representation at sentencing. Petitioner argues that his trial counsel's silence could serve no strategic or tactical purpose, adversely affected his sentence in light of the available supporting evidence and that he was unfairly prejudiced and deprived of a fair sentence.

This Court finds that Petitioner has raised a cognizable claim and therefore orders the Government to respond and file a Response within fourteen (14) days of the filing of this Order.

DATED this 14th day of October, 2011.

_____
Gloria M. Navarro
United States District Judge